No. 2024-1060

## BRIEF OF APPELLANT

UNITED STATES COURT OF APPEALS FOR THE FEDERAL

CIRCUIT

**ROBERT L. HARRIS**

Claimant-Appellant

v.

**DENIS MCDONOUGH,**
SECRETARY OF VETERANS AFFAIRS

Respondent-Appellee

APPEAL FROM
THE UNITED STATES COURT OF APPEALS FOR VETERAN
CLAIMS
IN 21-7630, CHIEF JUDGE MARGARET BARTLEY; AND
JUDGES JOSEPH L. TOTH, AND SCOTT J. LAURER

**Paul Jennings**
**Tricia Petek**
**The MilVet Law Firm PLLC**
**975 Carpenter Rd NE**
**Suite 101**
**Lacey, WA 98516**
**paul@milvetlaw.com**
**Attorneys for Claimant-Appellant**

# CERTIFICATE OF INTEREST

Counsel for the Claimant-Appellant certifies the following information is accurate and complete to the best of my knowledge:

**1. Represented Entities. Fed. Cir. R. 47.7(a)(1).**

The Full name of all entities represented by undersigned counsel in this case:

ROBERT L. HARRIS

**2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2).**

Full names of all real parties in interest for the entities. (Do not list the real parties if they are the same as the entities):

None.

**3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3).**

Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more of stock in the entities:

None.

**4. Legal Representatives. Fed. Cir. R. 47.4(a)(4).**

List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this Court for the entities. (Do not include those who have already entered an appearance in this court):

None.

**5. Related Cases. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).**

The case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal: None.

6. **Organizational Victims and Bankruptcy Cases. Fed. Cir. R. 47.4(a)(6).**

Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):

None.

**Date:** February 16, 2024

**/s/ Paul Jennings**
**Paul Jennings**

**/s/ Tricia P. Petek**
**Tricia P. Petek**

**The MilVet Law Firm, PLLC**
**975 Carpenter Rd., NE**
**Suite 101**
**Lacey, WA 98516**

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ........................................................... i

TABLE OF CONTENTS................................................................ iii

TABLE OF AUTHORITIES ........................................................... v

STATEMENT OF RELATED CASES ............................................. 1

JURISDICTIONAL STATEMENT .................................................. 1

STATEMENT OF THE ISSUES..................................................... 2

STATEMENT OF THE CASE........................................................ 2

    A.    Nature of the case.................................................................. 2

    B.    Statement of the Facts, Course of Proceedings, and Disposition Below 3

SUMMARY OF THE ARGUMENT ................................................. 7

ARGUMENT ............................................................................... 10

    1.    Standard of Review............................................................. 10

    2.    The Veterans Court erred as a matter of law when it failed to shift the burden of demonstrating the Presumption of Regularity to the VA after Mr. Harris provided affirmative evidence to rebut the Presumption, contrary to *Ashley*, *Posey*, and *Romero*............................................................. 10

    3.    The Veterans Court erred as a matter of law when it expanded the Presumption of Regularity to allow the inference of additional facts not on the record when applying the Presumption of Regularity to the Secretary's actions, contrary to *Khyn*............................................................. 13

4.      The Veteran's Court erred as a matter of law when it failed to consider or apply the rule of law established in *Posey* and *Romero*, and instead expanded the Presumption of Regularity to apply to the Secretary's actions even when such actions are irregular. ............................................ 16

CONCLUSION.................................................................................... 19

ADDENDUM – CAVC MEMORANDUM DECISION.................................... 20

CERTIFICATE OF SERVICE.............................................................. 32

CERTIFICATE OF COMPLIANCE...................................................... 33

# TABLE OF AUTHORITIES

**Cases**

*Allday v. Brown*, 7 Vet.App. 517 (1995) ....................................................13

*Ashely v. Derwinski*, 2 Vet.App. 62 (1992) ........................................ 11, 13

*Boyd v. McDonald*, 27 Vet.App. 63 (2014)................................................10

*Buckley v. West*, 12 Vet.App. 76 (1998) ....................................................13

*Butler v. Principi*, 244 F.3d 1337 (Fed. Cir. 2001) ..................... 10, 16, 17

*Chute v. Derwinski*, 1 Vet.App. 352 (1991) ........................................ 10, 14

*Clarke v. Nicholson*, 21 Vet.App. 130 (2007) .................................... 10, 14

*Cones v. Wilkie*, 825 F.App'x 841 (Fed. Cir. 2020)...................................17

*Crain v. Principi*, 17 Vet.App. 182 (2003) ......................................... 10, 14

*Davis v. Principi*, 17 Vet.App. 29 (2003) .................................................10

*Deloach v. Shinseki*, 704 F.3d 1370 (Fed. Cir. 2013)................................13

*Disabled Am. Veterans v. Sec'y of Veterans Affs.*, 327 F.3d 1339 (Fed.
Cir. 2003)....................................................................................................18

*Hyson v. Brown*, 5 Vet.App. 262 (1993)....................................................14

*Khyn v. Shinseki*, 716 F.3d 572 (Fed. Cir. 2013) .....................................13

*Miley v. Principi*, 366 F.3d 1343 (Fed. Cir. 2004)............................. 16, 17

*Noah v. McDonald*, 28 Vet.App. 120 (2016)..............................................18

*Posey v. Shinseki*, 23 Vet.App. 406 (2010)......................................... 11, 17

*Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir. 1991) .............................10

*Romero v. Tran*, 33 Vet.App. 252 (2021) ........................................... 11, 16

*Smith v. Derwinski*, 2 Vet.App. 429 (1992)...............................................18

*United States v. Roses, Inc.* 706 F.2d 1563 (Fed. Cir. 1983)............. 11, 14

*Woods v. Gober*, 14 Vet.App. 214 (2000)...................................................14

**United States Code**

38 U.S.C. § 7252(b)...............................................................13

38 U.S.C. § 7292(a)................................................................2

38 U.S.C. § 7292(c). ..............................................................2

38 U.S.C. § 7292(d)(1)..........................................................10

38 U.S.C. § 7292(e)(1)..........................................................10

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5, counsel for Robert L. Harris (Harris) states that there have been no other appeals in this case, and that there are no related cases pending before this Court that would directly affect this Court's decision in this matter.

Counsel further states that he is unaware of any cases pending before this Court which would directly affect this Court's decision in this appeal.

## JURISDICTIONAL STATEMENT

On February 14, 2023, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued an Order affirming the portion of the November 22, 2021, Board decision denying an effective date earlier than October 24, 2016, for tinnitus, traumatic brain injury residuals, and migraines. A panel of the Veterans Court adopted this decision as the decision of the Court in an Order dated April 20, 2023. On August 2, 2023, Mr. Harris' Motion for full Court review was denied. On September 27, 2023, Mr. Harris timely appealed the Veterans Court decision to this Court. This Court has jurisdiction to review this

decision pursuant to 38 U.S.C. §§ 7292(a), (c). The issues on appeal are entirely issues of law. The Veterans Court decision appealed is final.

## STATEMENT OF THE ISSUES

Whether the Veterans Court failed to shift the burden of demonstrating the Presumption of Regularity to the VA when the Veteran has provided affirmative evidence rebutting this Presumption?

Whether the Veterans Court improperly expanded the Presumption of Regularity to apply to the VA Secretary's actions when such actions appear irregular on their face?

Whether the Veterans Court, in violation of *Khyn*, inferred facts not on the record before the Court when applying the Presumption of Regularity to the VA Secretary's actions?

## STATEMENT OF THE CASE

A. <u>Nature of the case</u>

This appeal asks this Court to review a decision by the Veterans Court that affirmed the portion of the November 22, 2021, Board decision denying an effective date earlier than October 24, 2016, for tinnitus, traumatic brain injury residuals, and migraines. Specifically, this appeal asks this Court to determine if the Veterans Court acted

contrary to prior holdings in *Posey* and *Romeo*, effectively expanding the Presumption of Regularity to the VA Secretary's actions even when these actions appear irregular on their face. In addition, this appeal asks this Court to determine if the Veterans Court's decision, contrary to this Court's holding in *Kyhn*, allows it to infer facts not on the record before the Court, when applying the Presumption of Regularity to the VA Secretary's actions.

B. Statement of the Facts, Course of Proceedings, and Disposition Below

Mr. Harris enlisted in the U.S. Army National Guard on November 15, 2005, with an occupation of Military Police. Appx148 (Appx148). Subsequently, Mr. Harris was activated for deployment to Iraq and served on active duty from October 2, 2008, until October 14, 2009. Appx149 (Appx149).

On November 23, 2009, Patient Representative, Mr. Bobby Dees, of the New Orleans VA Medical Center, contacted Mr. Harris via telephone. Appx150 (Appx150–Appx152). During this conversation, Mr. Harris stated that he desired to file a claim for VA Compensation Benefits, and this request was reduced to writing and recorded in Mr.

3

Harris' VA records. *Id*. Mr. Dees recorded in the file that after speaking with Mr. Harris he "mailed patient these VA Forms 21-526 (Application for Compensation/Pension Benefits), 21-4138 (Statement in Support of Claim), and address to the VA Regional Office in New Orleans," however, no such mailings appear in the record. *Id*. The notes from Mr. Dees do not contain or otherwise indicate that Mr. Harris provided a current mailing address to Mr. Dees or that the VA had a current address on file for Mr. Harris. *Id*.

On October 24, 2016, Mr. Harris submitted an initial application for disability compensation and related compensation benefits, VA Form 21-526EZ. Appx156 (Appx156–Appx160). This application included the issues of Post-Traumatic Stress Disorder (PTSD), mental disorders related to PTSD, back strain, shoulder conditions (left and right), and headaches. *Id*. at Appx160. Mr. Harris also submitted a Statement in Support of Claim, VA Form 21-0871, describing the events endured during his deployment to Iraq related to his disability claim dated October 24, 2016. Appx153–Appx155 (Appx153–Appx155).

On April 4, 2017, the VA issued a rating decision granting service connection for other specified trauma and stressor related disorder

claimed as PTSD, with an effective date of October 24, 2016. Appx120–
Appx122 (Appx119–Appx127). Service connection was denied for the
left and right shoulder conditions and lumbar strain. Appx142
(Appx142–Appx145).

Mr. Harris submitted a Notice of Disagreement (NOD) for these
decisions on May 30, 2017. Appx095 (Appx096–Appx097). The NOD
expressed disagreement for his claims of PTSD and all other listed and
inferred disabilities in the record. *Id*. On July 19, 2017, Mr. Harris
submitted a sworn statement in support of his appeal that addressed
his PTSD, headaches, Traumatic Brain Injury (TBI), back condition,
and shoulder conditions, and how they affect his quality of life.
Appx093. A sworn statement from Mr. Harris' wife was submitted on
his behalf to support his disability claims on July 26, 2017. Appx091–
Appx092 (Appx091–Appx092).

On January 6, 2021, the Board of Veterans' Appeals issued a
decision for the appeal. Appx039 (Appx039–Appx047). This decision was
appealed to the Court and a Joint Motion for Partial Remand (JMPR)
was entered on September 7, 2021. Appx031–Appx038 (Appx031–
Appx038). The parties agreed in the JMPR that the Board erred in

failing to consider the matters of an earlier effective date, due to an informal claim, and service connection for the lumbar condition. *Id.* at Appx033–Appx035. These matters were remanded to the Board for reconsideration. *Id.* at Appx038.

The Board addressed these issues in a decision dated November 22, 2021. Appx020 (Appx020–Appx030). The Board determined that for the matter of an earlier effective date due to an informal claim, an informal claim was filed, but no earlier effective date was warranted since Mr. Dees wrote that he mailed an application for benefits and Statement in Support of Claim form. *Id.* at Appx027–Appx028. The Board noted, confusingly, that "[a]lthough there is *no indication* that the RO provided an application for benefits, . . . the VAMC patient representative specifically wrote that he mailed [Mr. Harris] an application for compensation/pension . . . so the Veteran's request for an application for VA benefits was then *satisfied* by VA. *Id.* at Appx027 (emphasis added).

On November 24, 2021, Mr. Harris timely filed a Notice of Appeal with the Veterans Court. Appx015 (Appx001–Appx017). On February 14, 2023, the Veterans Court issued a Memorandum Decision that

affirmed the portion of the November 22, 2021, Board decision denying an effective date earlier than October 24, 2016, for tinnitus, TBI residuals, and migraines. *Id*. at Appx001–Appx007. Mr. Harris timely moved for reconsideration of the single Judge decision and, in the alternative, referral to a panel. *Id*. at Appx008. On April 20, 2023, the Court entered an Order that denied the motion for reconsideration and granted the motion for a panel decision. *Id* at Appx08–Appx009. The panel then ordered that the single-judge decision remained the decision of the Court. *Id*. at Appx009. On May 11, 2023, Mr. Harris timely moved for full Court review. *Id*. at Appx010. This motion was denied by the Court on August 2, 2023, and Judgment was entered on the same date. *Id*. at Appx010–Appx011. On September 27, 2023, Mr. Harris timely appealed the Veterans Court decision to this Court. *Id*. at Appx016.

## SUMMARY OF THE ARGUMENT

First, the Veterans Court erred when it failed to shift the burden of demonstrating the Presumption of Regularity applied to the VA after Mr. Harris provided affirmative evidence to rebut the Presumption. Under current case law, the Presumption of Regularity

applies to the VA's mailing processes but this doctrine can be rebutted, as Mr. Harris asserted here, when VA mailings customarily included in a veteran's claims file are missing from the claims file, and such files are absent from Mr. Harris' file. Likewise, there is no evidence in the claims file to show that the VA had a proper mailing address for Mr. Harris' at the time of the purported mailing.

Second, the Veterans Court erred when it expanded the Presumption of Regularity to allow the inference of additional facts not on the record when applying the Presumption of Regularity to the Secretary's actions. The Veterans Court contradicted this Court's ruling in *Khyn*, making a finding of fact in the first instance via inferring facts not in the record before the Veterans Court, by finding that the Presumption of Regularity allowed for the factual finding that the VA sent additional required due process right forms to Mr. Harris at the correct address in 2009, despite there being no evidence to confirm the factual findings that the VA included these additional required forms or had Mr. Harris' correct address at that time.

Finally, the Veterans Court erred when it failed to consider or apply established rule of law, and instead expanded the Presumption of

Regularity to apply to the Secretary's actions even when such actions are irregular. This Court found in *Miley* and *Butler* that the Presumption applied to the mailing of *additional* documents listed or annotated as attachments in the primary mailing, even when these documents were not included in the veteran's claims file. In the instant case, there was no evidence that Mr. Harris was mailed documents *in addition* to the forms explicitly listed by the VA employee, nor is there any copy of the purported mailings that detail any attachments or enclosures. The Veterans Court's ruling effectively broadened the scope of the Presumption of Regularity to improperly credit the VA with providing ancillary forms, even when there is no record to support the VA's assertion that it mailed the required primary documents.

For these reasons, it was an error of law for the Veterans Court to affirm the portion of the November 22, 2021, Board decision which denied Mr. Harris an effective date earlier than October 24, 2016, for tinnitus, TBI residuals, and migraines.

# ARGUMENT

1. Standard of Review

This Court may decide all relevant questions of law in an appeal from a decision by the Veterans Court. 38 U.S.C. § 7292(d)(1). This Court reviews legal determinations of the Veterans Court *de novo*. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). In doing so, this Court may "affirm or if the decision of the Court of Appeals for Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims . . . remand the matter as appropriate." 38 U.S.C. § 7292(e)(1).

2. The Veterans Court erred as a matter of law when it failed to shift the burden of demonstrating the Presumption of Regularity to the VA after Mr. Harris provided affirmative evidence to rebut the Presumption, contrary to *Ashley*, *Posey*, and *Romero*.

The Presumption of Regularity applies to the VA's administrative processes, including its mailing procedures. *See Boyd v. McDonald*, 27 Vet.App. 63, 72 (2014); *Clarke v. Nicholson*, 21 Vet.App. 130, 134 (2007); *Crain v. Principi*, 17 Vet.App. 182, 186 (2003); *Davis v. Principi*, 17 Vet.App. 29, 37 (2003); *Chute v. Derwinski*, 1 Vet.App. 352, 353 (1991). This doctrine assumes "that what appears regular is regular." *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001). "The

10

[P]resumption [of official Regularity may also] operate [ ] in reverse. If [mailing] appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary." *Ashley v. Derwinski*, 2 Vet.App. 62, 66 (1992) (amended (May 28, 1992), on reconsideration, 2 Vet.App. 307 (1992)) (quoting *United States v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed. Cir. 1983)) (evidence that copy of Board decision containing representative's name and address was not in claims folder, despite VA practice to place a copy in the folder once mailed, was sufficient to rebut Presumption of Regularity). Notably, if the VA follows "the consistent and regular procedure" in other cases, but fails to do so in a similar case, then the Presumption is rebutted. *Posey*, 23 Vet.App. 406, 410–11 (2010). Further, though a statement alone of nonreceipt from the VA is insufficient to rebut the Presumption, "a statement of nonreceipt coupled with other evidence can be." *Romero v. Tran*, 33 Vet.App. 252, 265 (2021).

Here, the Veterans Court ruling improperly determined that irregular VA procedures on their own are insufficient to rebut the Presumption of Regularity. Mr. Harris asserted that the VA's action in this case were irregular, as copies of the purported VA mailings were

missing from his claims folder, when they would normally be included, and no evidence in the record demonstrated which address VA had on file for Mr. Harris at the time of the alleged mailing. However, the Veterans Court found that there is no requirement under the Presumption for the VA to have placed copies of the mailings in the claims folder, nor a requirement that the VA indicate to which address it mailed correspondence. This decision contradicted *Ashley* and *Chute*, as the VA's standard policy has always been to place copies of all mailings in the claims folders and includes, at a minimum, a cover sheet indicating the address used for mailing. The Veterans Court decision does not provide an explanation as to why the VA was not required to follow their consistent and regular procedure simply because the employee that claimed to assist Mr. Harris with his informal claim for disability benefits was a VA healthcare employee.[1]

---

[1] The Veterans Court decision noted that "the Court cannot discern how the Board, under the duty to assist or any other authority, had an obligation to investigate whether the VA medical facility from which the formal application was mailed retained a copy of it." Appx005 (Appx001–Appx017). However, Mr. Harris has argued that a copy of such filing may contain valuable information such as a cover sheet showing the address, if any, utilized, and a list of all attachments or other documents in the mailing. Further, if the common practice of the VA healthcare system is to maintain a copy of all mailings, and a copy

Consequently, Mr. Harris respectfully requests this Court to find that the Veterans Court erred when it failed to shift the burden of demonstrating the Presumption of Regularity applied to the VA after Mr. Harris provided affirmative evidence to rebut the Presumption.

3. <u>The Veterans Court erred as a matter of law when it expanded the Presumption of Regularity to allow the inference of additional facts not on the record when applying the Presumption of Regularity to the Secretary's actions, contrary to *Khyn*.</u>

When the Veterans Court makes a finding of fact in the first instance, it exceeds "its jurisdiction to review the Board based on the record before the Board," and the Veterans Court's review "shall be on the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b); *Khyn v. Shinseki*, 716 F.3d 572, 576, 578 (Fed. Cir. 2013) (citing *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013); *see also Buckley v. West*, 12 Vet.App. 76, 82 (1998), *Allday v. Brown*, 7 Vet.App. 517, 531 (1995). If the Presumption of Regularity is rebutted with clear evidence to the contrary, then the burden is shifted to the Government. *See Ashley v. Derwinski*, 2 Vet.App. 62, 66 (1992) (amended (May 28, 1992), on reconsideration, 2 Vet.App. 307 (1992)) (quoting *United States*

---

of this particular mailing does not exist, then that would also rebut the Presumption of Regularity.

*v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed. Cir. 1983)) (evidence that copy of Board decision containing representative's name and address was not in claims folder, despite VA practice to place a copy in the folder once mailed, was sufficient to rebut Presumption of Regularity). When the record before the Veterans Court is devoid of proper proof of mailing on the part of the VA this alone is sufficient to rebut the Presumption of Regularity. *Chute v. Derwinski*, 1 Vet.App. 352, 353 (1991). Indeed, the Veterans Court has noted that for the Presumption to apply to VA mailings the VA must have used the "last *known* address" of the veteran. *Woods v. Gober*, 14 Vet.App. 214, 220 (2000) (emphasis added); *Clarke v. Nicholson*, 21 Vet.App. 130, 133 (2007). "In order for this Presumption to attach, VA must mail notice to the *latest address of record.*" *Crain v. Principi*, 17 Vet.App. 182, 186 (2003) (emphasis added). It is incumbent upon the veteran to keep the VA informed of his current mailing address, but the VA is likewise obligated to send any notices to the "latest address of record." *Hyson v. Brown*, 5 Vet.App. 262, 265 (1993).

Here, the Veterans Court's ruling serves to allow the Court to infer additional facts not in the record when applying the Presumption of Regularity. The Record of Proceedings (ROP) before the Veterans

Court contained no evidence showing any address the VA may have used in 2009 to send mailings to Mr. Harris. Indeed, the Secretary pointed to no evidence to show that the VA had a mailing address on file for Mr. Harris in 2009 and instead the Veterans Court relied upon the Presumption of Regularity to find that the mailings must have been sent to the proper address. As in *Khyn*, the Veterans Court's use of the Presumption acted to improperly infer factual findings in the first instance that were not contained in the record before the Secretary and the Board. This is also analogous to *Chute*, where the Veterans Court noted that the Presumption of Regularity was inapplicable when the record contained no copy of the decision coversheet showing to which address the decision was mailed. However, the Veteran Court's decision in this case takes the contrary position, alleviating the burden placed on the Secretary to show that normal procedures were followed. Indeed, this decision has essentially allowed the Veterans Court to infer the factual determination that the VA had a proper address on file for Mr. Harris in 2009, despite the lack of such a finding in the ROP. Both this Court and the Veterans Court have previously held that the Presumption of Regularity cannot operate to infer factual evidentiary

determinations, such as those seen in Mr. Harris' case, and such an expansion is improper.

Thus, Mr. Harris respectfully asks this Court to find that the Veterans Court erred when it expanded the Presumption of Regularity to allow the inference of additional facts not on the record when applying the Presumption of Regularity to the Secretary's actions, contrary to statute and case law.

4. <u>The Veteran's Court erred as a matter of law when it failed to consider or apply the rule of law established in *Posey* and *Romero*, and instead expanded the Presumption of Regularity to apply to the Secretary's actions even when such actions are irregular.</u>

The Veterans Court has noted that the Presumption of Regularity is a general working principle for which the "exact bounds and nature are debatable." *Romero v. Tran*, 33 Vet.App. 252, 259 (2021). This Court has found that the Presumption applies in cases where an agency official notes that a specifically detailed action was taken, even if the physical evidence of that specific action was not in the record. *Butler v. Principi*, 244 F.3d 1337, 1339 (Fed. Cir. 2001) (annotation on rating decision that appeals rights were attached triggered Presumption that appeal rights were in fact included in mailing); *Miley v. Principi*, 366 F.3d 1343, 1345

(Fed. Cir. 2004) (handwritten instruction on decision notice to mail copy to veteran triggered Presumption that copy was mailed). Indeed, the VA may even use circumstantial evidence under the Presumption of Regularity to show that an action such as mailing notice to a veteran occurred. *Cones v. Wilkie*, 825 F.App'x 841, 844 (Fed. Cir. 2020) (copy of signed Board decision, affidavit from Deputy Vice Chairman of the Board that decision was mailed, and screenshots of the Board's electronic tracking system sufficient to establish that mailing occurred). In each instance, however, there has always been some type of affirmative evidence utilized to support the assertion that ancillary items in a mailing were included. *Miley*, 366 F.3d at 1347; *Butler*, 244 F.3d at 1339; *see Posey v. Shinseki*, 23 Vet.App. 406 (2010) (must be "the consistent and regular procedure that VA follows in cases" for Presumption of Regularity to apply).

Here, the decision of the Veterans Court improperly expands the Presumption of Regularity beyond this Court's prior holdings. This expansion of the Presumption functions not only to presume that the VA has acted as they said they have, but also to presume that the VA completed ancillary matters that were not stated as having been done,

are not supported by the record, and are not consistent with VA

procedures. Notably, at issue in this case is the explicit written

statement of a VA employee, stating:

> Patient wanted to submit a VA Claim for Compensation
> benefits; I mailed patient these VA Forms 21-526
> (Application for Compensation/Pension Benefits), 21-4138
> (Statement in Support of Claim) and address to the VA
> Regional Office in New Orleans.

Appx150 (Appx150–Appx152). The Veterans Court ruling then found

that, despite no indication within the record, that the Presumption

applies for the assertion that the employee also included all required

notices in this mailing.[2] This is contrary to the Court's holding in *Miley*

and *Butler*, where in both cases this Court noted that when a mailing

indicated other documents were enclosed, even if copies of the

documents were not in the claims folder, the Presumption operated to

demonstrate that those documents were indeed enclosed. In Mr. Harris'

case, there is no indication anywhere in the record that the employee

---

[2] When the VA provides an application for benefits in relation to an
informal claim, they must also include notice to the veteran informing
them of applicable time limits within which they must act. *Noah v.
McDonald*, 28 Vet.App. 120, 131 (2016); *see Disabled Am. Veterans v.
Sec'y of Veterans Affs.*, 327 F.3d 1339, 1348 (Fed. Cir. 2003); *Smith v.
Derwinski*, 2 Vet.App. 429, 431–35 (1992) (failure to notify of filing
deadline excused late filing).

provided any additional notices or documents other than those explicitly stated; thus, the Veterans Court ruling serves to improperly expand the Presumption of Regularity to presume that the VA has mailed items that they are required to send even when there is no indication in the record that such items were mailed or even considered for mailing.

Therefore, Mr. Harris respectfully requests this Court to find that the Veterans Court erred when it expanded the Presumption of Regularity to apply to the Secretary's action even when such action appears irregular, in contradiction to *Posey* and *Romero*.

## CONCLUSION

For the foregoing reasons, the Court should reverse the decision of the Veterans Court that affirmed the portion of the November 22, 2021, Board decision denying Mr. Harris an effective date earlier than October 24, 2016, for tinnitus, TBI residuals, and migraines. Further, the Court should instruct the Veterans Court to determine if the VA can prove that its mailing practices in the instant case were regular, without expanding the Presumption of Regularity to infer facts not on the record before the Court.

# ADDENDUM – CAVC MEMORANDUM DECISION

*Designated for electronic publication only*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 21-7630

ROBERT L. HARRIS, APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before TOTH, *Judge*.

## MEMORANDUM DECISION

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

TOTH, *Judge*: Army veteran Robert L. Harris is in receipt of disability compensation for three conditions: tinnitus, traumatic brain injury residuals, and migraines. This appeal is principally about whether he is entitled to an effective date for compensation prior to October 24, 2016, the date VA received his formal application for those benefits. The Board denied a pre-October 2016 date because the veteran never returned the formal application that a VA employee stated he mailed to the veteran in response to the veteran's informal claim. Mr. Harris argues that the Board lacked an adequate foundation for finding that the formal application was mailed to him and failed to take appropriate steps to investigate the issue. Finding no remandable error, the Court affirms this portion of the Board decision. Based on the parties' agreement that the Board erred regarding a back claim, however, the Court vacates and remands as to that matter.

## I. EARLIER EFFECTIVCE DATE

At the time relevant to this appeal, the law provided as follows: "Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by" VA "from a claimant . . . may be considered an informal claim." 38 C.F.R. § 3.155(a) (2009). "Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be

forwarded to the claimant for execution." *Id.* If the application form is "received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim." *Id.* "When a claimant submits an informal claim for VA benefits and VA does not respond by forwarding an application form to the claimant, the date of the informal claim must be accepted, as a matter of law, as the date of the 'claim' or 'application' for purposes of determining an effective date." *Westberry v. West*, 12 Vet.App. 510, 512 (1999) (cleaned up).

Mr. Harris left the Army in October 2009. A month later, a VA patient representative telephoned him to inquire whether and where he would like to receive VA healthcare. A November 23, 2009, report of contact contains the following comment:

> Patient wanted to submit a VA Claim for Compensation benefits; I mailed patient these VA Forms 21-526 (Application for Compensation/Pension Benefits), 21-4138 (Statement in Support of Claim) and address to the VA Regional Office in New Orleans.
>
> Patient did verbalize understanding of all information given.

R. at 1013.

VA did not receive a compensation application from Mr. Harris until October 24, 2016. In response to that submission, the Agency eventually granted service connection for the three conditions mentioned above, assigning all of them the October 2016 effective date. Through counsel, the veteran appealed the effective date issue to the Board and argued that there was no evidence the patient representative actually sent him a formal application in response to his November 23, 2009, informal (telephonic) claim. Based on that omission, Mr. Harris asserted, the effective date for compensation should be the date of his informal claim.

The Board rejected the veteran's arguments in the decision on appeal. It found that the "patient representative specifically wrote that he mailed the Veteran an application for compensation/pension benefits (VA Form 21-526), as well as a Statement in Support of Claim (VA Form 21-4138), so the Veteran's request for an application for VA benefits was then satisfied by VA." R. at 12. But since Mr. Harris did not return a formal application within one year of the November 2009 informal claim, the Board concluded, the latter could not be the basis for a compensation award effective date. *Id.* (citing § 3.155).

Before the Court, the veteran argues that the Board appeared to apply the presumption of regularity to conclude that the patient representative mailed a formal application in accordance with his statement that he did so. But, he contends, applying the presumption is legally improper

when circumstances appear irregular. "It is irregular on its face for the VA to claim to mail an item to a veteran without an official copy also being placed in the veteran's claim folder," Mr. Harris maintains, "and the Board pointed to no authority that it is the regular and common practice of the VA to have an employee mail an application for benefits and then only annotate this in the treatment records of the veteran." Appellant's Br. at 6. The Secretary responds that the veteran's argument is based on a faulty premise. The Board didn't rely on the presumption of regularity, the Secretary asserts; it relied on direct evidence—namely, the statement of the patient representative that he mailed Mr. Harris the formal application. This is a fact, the Secretary contends, and when facts are established, presumptions depart the scene. Not so, Mr. Harris replies. All evidence is probabilistic, and the representative's statement is (at most) circumstantial, since it still "requires speculation as to several matters such as when mailing occurred, to what address, and if proper postage was affixed." Reply Br. at 5. Even though the Board didn't mention the presumption of regularity, Mr. Harris asserts, that is what this case is really about.

The Court accepts the veteran's framing of the issue on appeal. "'The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *Romero v. Tran*, 33 Vet.App. 252, 254 (2021) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)). The presumption can be triggered by either evidence or law. *Id.* at 259. Whether the presumption of regularity applies by operation of law is a legal question that the Court resolves de novo. *See id.* at 262.

The presumption of regularity applies in this context. Where independent legal authority establishes a duty on VA employees to act, they generally must be presumed to act consistently with that duty. *Kyhn v. Shinseki*, 716 F.3d 572, 577 (Fed. Cir. 2013) (citing examples). In this case, that duty is established by § 3.155(a), which instructed in 2009 that, "[u]pon receipt of an informal claim, if a formal claim has not been filed, an application form *will* be forwarded to the claimant for execution." (Emphasis added.) The Board found, and Mr. Harris agrees, that the November 2009 report of contact constituted an informal claim for disability benefits. Therefore, by operation of § 3.155(a), it must be presumed that VA—upon acknowledging receipt of an informal claim— sent the veteran a formal application, unless there is some evidence indicating that the patient representative failed to act in accordance with the regulatory duty. *See Romero*, 33 Vet.App. at 259.

There is no such contrary evidence here. Indeed, what affirmative evidence exists only buttresses the presumption. The patient representative memorialized that he had already "mailed" Mr. Harris a formal application for compensation.[1] R. at 1013. So, Mr. Harris is attempting to overcome, not only what the law says we must presume the patient representative did in these circumstances, but what the representative *said* he did.

And when it applies, there is "no legal basis for holding that the presumption of regularity may not be employed to establish, in the absence of evidence to the contrary, that certain ministerial steps were taken in accordance with the requirements of law." *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004). For example, in *Miley*, the Federal Circuit held that, even if the record contained "a dated copy of the decision notice"—which the appellant there argued was required by relevant authority—the presumption of regularity would nevertheless be necessary to support "the inference that the letter was in fact mailed and the inference that it was mailed on the date shown on the letter." *Id.* In other words, applying the presumption to the interstitial aspects of VA's duties is entirely appropriate. "After all, if every government action had to be supported with reams of documentation as to its scrupulousness, or if the government had to follow every jot or tittle of the law, governing would grind to a halt."[2] *Romero*, 33 Vet.App. at 260 (cleaned up).

The absence of a copy of the formal application from the veteran's claims file does not indicate any patent irregularity. Like the statute at issue in *Miley*, "[t]here is nothing in the language of" § 3.155(a) "to indicate that any particular kind of evidence is necessary to establish the fact and date of the mailing of the [formal application]." 366 F.3d at 1346. And Mr. Harris cites no authority for his assertion that a copy of the formal application mailed in accordance with § 3.155(a) would have been retained by VA. Indeed, he even undermines his own argument to this effect when, in later contending that the duty to assist requires the Board to investigate whether a formal application was mailed, he acknowledges that it's "unclear as to whether the VA health care

---

[1] The Board read the report of contact as indicating that the patient representative "provided the [New Orleans regional office] with the Veteran's address." R. at 12. What the report said, with omitted definite articles supplied, is: "I mailed [the] patient these VA Forms 21-526 (Application for Compensation/Pension Benefits), 21-4138 (Statement in Support of Claim) and [the] address to the VA Regional Office in New Orleans." R. at 1013. The more natural reading, especially in light of the purpose of the telephone call being to ascertain where Mr. Harris would like to receive VA health care, is that the representative provided *Mr. Harris* with the regional office's address, not vice versa. But because the veteran doesn't raise the relevance of this issue, the Court doesn't consider it.

[2] To the extent that Mr. Harris reads *Posey v. Shinseki*, 23 Vet.App. 406, 410 (2010), as requiring VA to show, beyond a predicate official duty to act, the affirmative existence of some "consistent, reliable procedure" before the presumption attaches, *Romero* explains why that reading is without force, *see* 33 Vet.App. at 263–64.

system, similar to the VA disability system, retains copies of all mailings, to include cover sheets that display the date and address for the mailing." *Id.* at 13. In other words, Mr. Harris has not asserted any persuasive basis for his allegation that the circumstances surrounding the 2009 mailing of the formal application appear irregular.

Nor does the veteran cite any authority for the proposition that proper mailing couldn't be presumed unless the record affirmatively indicated the address VA had on file for him. If the record showed that multiple addresses were on file, or that an address was incomplete or improperly formatted, or that other correspondence to the veteran was returned as undeliverable or otherwise not received, then there could be reasons not to apply the presumption of regularity. Again, however, absent some indication to the contrary, the presumption of regularity includes the presumption that VA used the proper address. Mr. Harris has not even suggested why he believes VA might not have used the correct address. *Cf. Hyson v. Brown*, 5 Vet.App. 262, 265 (1993) ("In the normal course of events, it is the burden of the veteran to keep the VA apprised of his whereabouts.").

Crediting this argument regarding the address, along with Mr. Harris's assertion that the record must *affirmatively* show that the formal application was accompanied by notice of the deadline for filing it, would strip the presumption of regularity of all practical utility. Where (as here) the presumption applies, it makes little sense to presume that VA discharged its duty to mail the formal application, but not to presume it discharged its duty to mail it to the proper address and with the required notice. VA personnel are presumed to act "consistently with their legal duty," not in derogation of it. *Kyhn*, 716 F.3d at 577; *see Miley*, 366 F.3d at 1347 (finding that the presumption may "establish . . . that certain ministerial steps were taken"); *see also Schoolman v. West*, 12 Vet.App. 307, 310 (1999) (noting the presumption's applicability to VA's mailing of notice).

Given all this—the presumption of regularity, the absence of any obvious irregularity, and the patient representative's affirmative assertion of mailing—the Court cannot discern how the Board, under the duty to assist or any other authority, had an obligation to investigate whether the VA medical facility from which the formal application was mailed retained a copy of it. Indeed, it is unclear why the veteran would regard even discovery of such a copy adequate proof of proper mailing, when it would still need to be inferred—as *Miley* notes—that the patient representative, after making a copy for the file, posted the application to the veteran. The presumption of regularity

applies here by virtue of the legal duty imposed by § 3.155(a). As such, it is unnecessary to procure evidence regarding customary procedure or administrative practice.

In sum, the Court agrees with Mr. Harris that the Board essentially applied the presumption of regularity and concludes that applying the presumption was appropriate as a matter of law. Accordingly, to the extent that there is any deficiency in the Board's reasons or bases on this matter, that deficiency is harmless. *See O'Brien v. Wilkie*, 30 Vet.App. 21, 28 (2018). The Court affirms the Board's denial of an earlier effective date.

## II. BACK DISABILITY

Mr. Harris contends that the Board committed several errors in denying service connection for a back disability, including that it relied on the opinion of a VA examiner that failed to consider his assertions regarding an in-service explosion and consequent pain. Appellant's Br. at 15–16. The Secretary agrees that the Board erred in this regard and that the matter should be remanded, but disagrees with the veteran's other contentions. Secretary's Br. at 9–11. Given the agreement on error and proper disposition, the Court vacates as to the back claim and remands that matter for the Board to address the issue mentioned above, as well as the veteran's other allegations of error. Since Mr. Harris's remaining arguments would not warrant relief greater than remand, the Court declines to address them at this juncture and will instead permit the Board to address them in the first instance.

## III. CONCLUSION

The Court AFFIRMS the portion of the November 22, 2021, Board decision denying an effective date earlier than October 24, 2016, for tinnitus, traumatic brain injury residuals, and migraines. The Court VACATES the portion of the decision denying service connection for a back disability and REMANDS that matter for the Board to cure the error agreed on in the parties' briefs, to address the remaining arguments advanced by the veteran, and to undertake further proceedings as it deems appropriate.

DATED: February 14, 2023

Copies to:

Paul D. Jennings, Esq.

VA General Counsel (027)

*Not published*
*NON-PRECEDENTIAL*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 21-7630

Robert L. Harris,                                  Appellant,

v.

Denis McDonough,
Secretary of Veterans Affairs,                     Appellee.

Before BARTLEY, *Chief Judge*, and TOTH, and LAURER, *Judges*.

**O R D E R**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

In a February 14, 2023, memorandum decision, the Court affirmed the portion of the November 22, 2021, decision of the Board of Veterans' Appeals (Board) denying an effective date earlier than October 24, 2016, for entitlement to service connection for tinnitus, traumatic brain injury residuals, and migraines. The Court also vacated the portion of the Board's decision denying service connection for a back disability and remanded the matter to the Board. On March 1, 2023, the appellant timely filed a motion for reconsideration or, in the alternative, a panel decision. The motion for reconsideration by the single judge will be denied, and the motion for decision by a panel will be granted.

Based on review of the pleadings and the record of proceedings, it is the decision of the panel that the appellant fails to demonstrate that 1) the single-judge memorandum decision overlooked or misunderstood a fact or point of law prejudicial to the outcome of the appeal, 2) there is any conflict with precedential decisions of the Court, or 3) the appeal otherwise raises an issue warranting a precedential decision. U.S. Vet. App. R. 35(e); *see also Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). The appellant has not presented any argument that warrants consideration by the panel.

Absent further motion by the parties or order by the Court, judgment will enter on the underlying single-judge decision in accordance with Rules 35 and 36 of the Court's Rules of Practice and Procedure.

Upon consideration of the foregoing, it is

ORDERED, by the single judge, that the motion for reconsideration is denied. It is further

ORDERED, by the panel, that the motion for panel decision is granted. It is further

ORDERED, by the panel, that the single-judge decision remains the decision of the Court.

DATED: April 20, 2023                                   PER CURIAM.

Copies to:

Paul D. Jennings, Esq.

VA General Counsel (027)

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 21-7630

ROBERT L. HARRIS,                                        APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before BARTLEY, *Chief Judge*, and PIETSCH, GREENBERG, ALLEN, MEREDITH,
TOTH, FALVEY, LAURER, and JAQUITH, *Judges*.

## O R D E R

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

In a February 14, 2023, memorandum decision, the Court affirmed the portion of the November 22, 2021, decision of the Board of Veterans' Appeals (Board) denying an effective date earlier than October 24, 2016, for entitlement to service connection for tinnitus, traumatic brain injury residuals, and migraines. The Court also vacated the portion of the Board's decision denying service connection for a back disability and remanded the matter to the Board. On March 1, 2023, the appellant timely filed a motion for reconsideration or, in the alternative, a panel decision. On April 20, 2023, the single judge denied the appellant's motion for reconsideration, and the panel granted the motion for a panel decision and ordered that the single-judge decision remains the decision of the Court. On May 11, 2023, the appellant timely filed a motion for full Court review.

"Motions for full Court review are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance." U.S. VET. APP. R. 35(c). In this matter, the appellant has not shown that either basis exists to warrant full Court review.

Upon consideration of the foregoing, it is

ORDERED that the motion for full Court review is denied.

DATED: August 2, 2023                                    PER CURIAM.

Copies to:

Paul D. Jennings, Esq.

VA General Counsel (027)

2

*Not Published*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No: 21-7630

Robert L. Harris, Appellant,

v.

Denis McDonough,
Secretary of Veterans Affairs, Appellee.

**JUDGMENT**

The Court has issued a decision in this case, and has acted on a motion under Rule 35 of the Court's Rules of Practice and Procedure.

Under Rule 36, judgment is entered and effective this date.

Dated: August 2, 2023

FOR THE COURT:

GREGORY O. BLOCK
Clerk of the Court

By: /s/ Genesis B. Garcia
Deputy Clerk

Copies to:

Paul D. Jennings, Esq.

VA General Counsel (027)

# CERTIFICATE OF SERVICE

I certify that on the 16th day of February 2024, the foregoing opening brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Daniel Bertoni, Esq.

Department of Justice

Civil Division, Commercial Litigation Branch

Daniel.Bertoni@usdoj.gov

**/s/ Paul Jennings**
**Paul Jennings**

**/s/ Tricia P. Petek**
**Tricia P. Petek**

**The MilVet Law Firm, PLLC**
**975 Carpenter Rd., NE**
**Suite 101**
**Lacey, WA 98516**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Brief complies with the Court's type-volume limitation rules. This brief was printed in Century Schoolbook font at 14 points. According to the word-count calculated, this Brief contains a total of 4,871 words, which is within the 14,000 word limit.

**/s/ Paul Jennings**
**Paul Jennings**

**/s/ Tricia P. Petek**
**Tricia P. Petek**

**The MilVet Law Firm, PLLC**
**975 Carpenter Rd., NE**
**Suite 101**
**Lacey, WA 98516**